# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PRIMERA MARITIME (HELLAS) LTD., : 08 CV
:
                Plaintiff, :
:
   - against - :
:
INDUSTRIAL CARRIERS INC. a/k/a ICI, :
WEAVER INVESTMENTS INC, SELENE :
SHIPMANAGEMENT SA, AUSTER MARINE :
CO. and DIAMANT CO. LTD., :
:
                Defendants. :
-----------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR EX PARTE ORDER OF MARITIME ATTACHMENT AUTHORIZING PROCESS OF MARITIME ATTACHMENT

State of Connecticut  )
                          )   ss: Town of Southport
County of Fairfield   )

Kevin J. Lennon, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the Defendants, INDUSTRIAL CARRIERS INC. a/k/a ICI, WEAVER INVESTMENTS INC., SELENE SHIPMANAGEMENT SA, AUSTER MARINE CO. and DIAMANT CO. LTD. within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information

directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants.

3. I did locate a website believed to be owned and operated by the Defendant ICI, or its apparent parent or managing company Diamant, Co. Ltd, hosted at www.industrialcarriers.com. A review of the website provides that ICI denotes a registered office at Majuro, Marshall Islands and other offices located at Odessa (Ukraine), Athens (Greece), Moscow (Russia) and Shanghai (China).

4. I also checked the New York Department of State – Division of Corporations' online database which detected a registration for an entity named "INDUSTRIAL CARRIERS INC." as a foreign business corporation in New York with an address of 45 CT CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, NEW YORK, 10011. *See printout from New York State Department of State – Division of Corporations attached hereto as Exhibit 1.* No entity in the name of Weaver Investments was found located on the New York State Department of State website.

5. The registration with the New York Department of State - Division of Corporations does not make the Marshall Islands based Defendant INDUSTRIAL CARRIERS INC. "present" for Supplemental Rule B such that this Court should decline to issue the Ex Parte Order authorizing Process of Maritime Attachment and Garnishment sought by Plaintiff.

6. Although some Judges in the Southern District of New York have held otherwise, *see e.g. Marimed Shipping Inc. v. Persian Gulf Shipping Co. Inc.*, 2008 U.S. Dist LEXIS 50901 (S.D.N.Y. July 1, 2008)(Marrero, J) *annexed hereto as Exhibit 2; Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186 (S.D.N.Y. 2007)(Sullivan, J.) *annexed hereto as Exhibit 3; Express Sea Transport Corp. v. Novel Commodities S.A.*, 06 Civ. 4711

(BSJ)(S.D.N.Y. May 2, 2006)(Lynch, J.) *annexed hereto as Exhibit 4; Carolina Shipping Ltd. v. Renaissance Ins. Group, Ltd.*, 08 Civ. 4711 (BSJ)(S.D.N.Y. June 10, 2008)(Jones, J.) *annexed hereto as Exhibit 5; Minmetals Shipping & Forwarding Co. Ltd. v. HBC Hamburg Bulk Carriers, GmbH, & Co. KG*, 2008 U.S. Dist. LEXIS 48639 (S.D.N.Y. June 19, 2008) *annexed hereto as Exhibit 6; Sealand Inv. Corp. v. Ingosstrakh Ins. Co.*, 08 Civ. 4874 (NRB)(S.D.N.Y. May 27, 2008)(Buchwald, J.) *annexed hereto as Exhibit 7*, a number of Judges in the Southern District of New York have held that something more than registration is required to establish presence for the purposes of Rule B attachment. *See Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582-83 (2d Cir 1963).

7. Under the two-pronged "Rule B" presence test set forth in *Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582-83 (2d Cir 1963), a Rule B defendant is not present in the jurisdiction unless it is capable of being served with process in the District and has a presence here sufficient to support the exercise of *in personam* jurisdiction.

8. This standard was further expounded upon in *VTT Vulcan Petroleum, S.A., v. Langham-Hill Petroleum, Inc.*, 684 F. Supp. 389, 390 (S.D.N.Y 1988) *annexed hereto as Exhibit 8* where the Court found that to satisfy the two prong presence test, a Defendant "must not only be able to accept process, but . . . must also be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agency authorized to accept service." *See VTT Vulcan Petroleum, S.A., v. Langham-Hill Petroleum, Inc.*, 684 F. Supp. 389, 390 (S.D.N.Y 1988)(internal citations omitted)(holding that a foreign corporation who closed its business in New York but retained its registration to do business there with the New York Secretary of State could not be found within the district under Rule B because of insufficient contacts) *accord Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG*, 409 F.

Supp. 2d 427, 438 (S.D.N.Y. 2006) *overruled on other grounds,* 2006 U.S. Dist. LEXIS 95870 (S.D.N.Y. 2006)(acknowledging that "authorization to do business does not by itself mean that [defendant] is 'found within the district' for purposes of the maritime attachment rule") *annexed hereto as Exhibit 9.*

9. There is a split of authority on the question of whether or not the mere registration of a foreign corporation constitutes "presence" in the District under the *Seawind* test. This issue is now pending before the Second Circuit Court of Appeals in two appeals: *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 07 Civ. 4193 (RJS) and *Carolina Shipping Ltd. v. Renaissance Ins. Group, Ltd., supra.*

10. Numerous parties have recently filed Rule B attachments against Industrial Carriers Inc. and several Judges have either denied, or vacated, maritime attachments finding that Industrial Carries Inc. alleged presence bars a maritime attachment under Rule B. Judge Hellerstein has issued a Rule B and also signed an Order to Show Cause allowing for a timely challenge of the Ex Parte Order. *See docket sheets and Orders attached hereto as Exhibit 10.*

11. It appears that while ICI itself has sought the benefit of Rule B attachments to secure its alleged claims against various parties it has sought protection from Rule B attachments through the mere artifice of registering its Greek office with the New York Department of State even though it has no real presence (i.e., physical office, employees, supplies, etc...) in New York and does not, upon information and belief conduct any business within New York.

12. The New York Department of State - Division of Corporations' online database lists the jurisdiction of the entity "INDUSTRIAL CARRIERS INC" as Greece and not Marshall Islands.

13.     Further, it is unclear if the registration found on the New York Department of State- Division of Corporations' online database is referring to the Defendant INDUSTRIAL CARRIERS INC. (based in the Marshall Islands and which entered into contract with Plaintiff) or another INDUSTRIAL CARRIERS INC.

14.     Further, upon inquiry with the CT CORPORATE SYSTEMS, the designated agent for service or process for Defendant INDUSTRIAL CARRIERS INC., we were advised that the Defendant has not paid its dues / fees since 2006 and it therefore has discretion whether to serve papers as Defendants' agent for service of process. Due to the fact that numerous parties are pursuing Defendant for security on their claims in New York it is respectfully submitted that the agent would not serve process as it has no reasonable expectation of being paid for its services as is required. The failure to Defendant pay its designate agent for service of process is further evidence of the fact that its registration with the State of New York is a mere artifice designed to avoid Rule B attachments.

15.     I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

16.     Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which is believed to be due and owing to the Defendants.

17.     This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

18. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Siegel, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold property of, for or on account of, the Defendant.

19. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

20. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

21. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District.

Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

**PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS**

22. Further, in order to avoid the need to physically serve the garnishees/banks daily and repetitively, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

**PRAYER FOR RELIEF TO TEMPORARILY SEAL CASE**

23. Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

24. In this respect we specifically point out that ICI has filed numerous actions in this district and is represented by at least two New York based maritime law firms – Mahoney & Keane, LLC and Tisdale Law Offices. It is reasonable to conclude that ICI will have its lawyers engaged in a systematic review of the publicly available court docket to screen for lawsuits being filed against ICI. In fact, given that ICI has had its lawyers appear and defend in several of the

cases recently filed it is quite likely that unless permitted to be sealed that the existence of this action will become known to Defendants likely even before an Ex Parte Order is issued by the Court.

25.     Further, it is the practice of certain marine publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Maritime Attachment, thus further defeating the purpose of the "Ex Parte" application.

26.     Upon information and belief, Tradewinds has publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

27.     The U.S. District Court for the Southern District of New York has an interest in preserving the efficacy of the Ex Parte Orders issued therein.

28.     The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily based upon a pre-determined time frame set by the Court or until assets are attached, notice of attachment has been provided to the Defendant(s) and Plaintiff notified the Court that the action should be unsealed.

29.     Indeed, the public's access to Ex Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

30.     For the foregoing reasons, Plaintiff requests that the Court issue an Order

temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

31. This request is narrowly tailored to meet Plaintiff's needs. Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated: October 9, 2008
Southport, CT

_____
Kevin J. Lennon

Sworn and subscribed to before me
this 9th day of October 2008.

_____
Commissioner of Superior Court