UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRIMERA MARITIME (HELLAS) LTD.,            :    08 CV 8660 (PAC)
                                            :
                        Plaintiff,          :
                                            :
         - against -                        :
                                            :
INDUSTRIAL CARRIERS INC. a/k/a ICI,         :
WEAVER INVESTMENTS INC,                     :
SELENE SHIPMANAGEMENT SA,                   :
AUSTER MARINE CO.,                          :
DIAMANT CO. LTD., and                       :
TRESELLE NAVIGATION LTD.,                   :
                                            :
                        Defendants.         :
------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

Plaintiff, PRIMERA MARITIME (HELLAS) LTD. (hereinafter referred to as "Primera" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, INDUSTRIAL CARRIERS INC. also known as "ICI" (hereinafter "ICI"), WEAVER INVESTMENTS LTD. (hereinafter "Weaver"), SELENE SHIPMANAGEMENT SA (hereinafter "Selene"), AUSTER MARINE CO. (hereinafter "AUSTER"), DIAMANT CO. LTD. (hereinafter "Diamant") and TRESELLE NAVIGATION LTD. (hereinafter "Treselle") (all collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.  At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Liberia, with a principal place of business in Athens, Greece.

3. Upon information and belief, and at all times material to this action, Defendant ICI was, and still is, a foreign corporation, or other business entity, organized under, and existing by Marshall Islands law.

4. Upon information and belief, Defendant WEAVER was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of ICI who is now, or will soon be, holding assets belonging to ICI.

5. Upon information and belief, Defendant SELENE was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of ICI who is now, or will soon be, holding assets belonging to ICI.

6. Upon information and belief, Defendant AUSTER was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of ICI who is now, or will soon be, holding assets belonging to ICI.

7. Upon information and belief, Defendant DIAMANT was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of ICI who is now, or will soon be, holding assets belonging to ICI.

8. Upon information and belief, Defendant TRESELLE was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, and was, and still is, a trade name, alias, alter-ego, paying agent, receiving agent, and/or joint venturer of ICI who is now, or will soon be, holding assets belonging to ICI.

9.  Plaintiff and Defendant entered into the Forward Freight Agreement[1] dated July 2, 2008, respectively as Seller and Buyer (hereinafter the "FFA"). *A copy of the FFA is annexed as Exhibit 1 to the Verified Complaint.*

10. The FFA provided for a contract rate (what is referred to as "fixed rate" in footnote 1) of $70,000.00 per day, for a period of 92 days, commencing in July 2008 and expiring in September 2008. The agreed settlement rate (what we referred to as "floating rate" in footnote 1) was the average of the prices for the relevant routes and type of vessel as published by the Baltic Exchange. *See Exhibit 1, page 2 to Verified Complaint*

11. Pursuant to the terms of the FFA, the settlement dates are the last Baltic Exchange[2] Index publication day of each contract month. *See Exhibit 1 to Verified Complaint.*

12. The FFA provides that the settlement rate shall be the average of the rates for the Contract Route(s) published by the Baltic Exchange over the Settlement Period defined as all the Baltic Exchange Index publication days of the Contract Month up to and including each settlement date. Payment of the settlement sum is due on the later of two London business days

---

[1] A "forward freight agreement" or "FFA" is a form of cash settled fixed-floating swap contract on freight rates traded on Baltic exchange, through which shippers and ship owners hedge against the volatility of the ocean freight market. Under a cash settled fixed-floating swap generally one party (the "Seller") pays the floating price – namely the floating rate times and the notional quantity – and the other party (the "Buyer") pays the fixed price – namely the fixed rate times the notional quantity At settlement instead of exchanging payments for the entire amounts one party the swap pays the other party the difference between the floating rate and the fixed rate times the notional quantity. If such difference yields a positive number then the Seller will have to pay the Buyer the corresponding amount. If the difference yields a negative number then the Buyer will owe the Seller the corresponding amount. In the case of the specific swap contract entered into by Plaintiff and Defendants the floating price is determined by reference to rates for the relevant routes as published by the Baltic Exchange over the term of the swap namely July, August and September 2008. Each such month being a separate settlement period under the swap which has therefore three settlement dates on which payments are to be made,

[2] The "Baltic Exchange" – full name "Baltic International Freight Futures Exchange" http://www.balticexchange.com – is the world's premier ocean freight market for mostly dry bulk cargo (such as coal, grains, and iron ore) where ship owners and cargo owners are matched by the exchange's members called ship brokers. Situated in London, it is also the market for buying and selling ships (accounting for about half the world's new and second-hand tonnage). The Baltic Exchange publishes forward prices based on the average of assessments by a panel of brokers of actual charter party contracts entered into by market participants. Such forward prices constitute the benchmark for FFAs.

after presentation of payee's invoice or five London business days after the Settlement Date. *See Exhibit 1.*

13. Pursuant to the Clause 17 of the FFA, the applicable beneficiary of payments made to the buyer is Weaver Investments Inc. *See Exhibit 1 to Verified Complaint.*

14. The FFA sets forth that the Settlement Dates are the "last Baltic Exchange Index publication day of each Contract Month". So for September the Settlement Date was September 30, 2008.

15. On or about October 1, 2008, Plaintiff presented an invoice to Defendant seeking payment of the September Settlement Sum in the amount of $904,898.52. Pursuant to the terms of the FFA, payment was to be received in full no later than October 6, 2008 (5 business days after the applicable Settlement Date, September 30, 2008). *A copy of Plaintiff's invoice is attached as Exhibit 2 to the Verified Complaint.*

16. Despite due demand for payment, Defendant has failed and/or refused to remit payment to Plaintiff, in breach of the FFA.

17. As a result of Defendant's breach of the FFA contract, Plaintiff has suffered losses in the total principal sum of $904,898.52, as best as can now be estimated, exclusive of interest, recoverable costs and attorney's fees.

18. Pursuant to the Clause 16 of the FFA, disputes between the parties are to be submitted to the English High Court of Justice with English law to apply.

19. Plaintiff is currently preparing to commence litigation against the Defendant in the English High Court on its claims described herein.

20.     Forward Freight Agreements constitute maritime contracts. *See Brave Bulk Transport Ltd. v. Spot On Shipping Ltd.*, 2007 U.S. Lexis 81137 at **3-7 (S.D.N.Y. October 30, 2007).

21.     This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of the English High Court of Justice proceedings.

22.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts at the English High Court of Justice as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim:<br>FFA Settlement Sum: | $904,898.52 |
| B. | Estimated interest on claim -<br>2 years at 7.5 % compounded quarterly: | $144,984.50; |
| C. | Estimated attorneys' fees and expenses: | $150,000.00 |
| **Total:** | | **$1,199,883.02.** |

23.     Upon information and belief, Defendant ICI is the alter-ego of Defendants Weaver, Selene, Auster, Diamant and Treselle because it dominates and disregards their corporate forms to the extent that ICI is actually carrying on their business and operations as if the same were its own, or vice versa.

24.     Upon information and belief, Defendants Weaver, Selene, Auster, Diamant and Treselle are shell-corporations through which Defendant ICI conducts its business, or vice versa.

25.     Upon information and belief, Defendants Weaver, Selene, Auster, Diamant and Treselle have no separate, independent identity from Defendant ICI.

26.     Upon information and belief, ICI uses Weaver, Selene, Auster, Diamant and Treselle as "paying/receiving agents" or "pass through" entities such that it can insulate itself

from creditors relating to its commercial obligations and in particular its vessel charters. *See copies of ICI's Statement of Accounts dated December 19, 2007 (M/V Pioneer Sky) and February 27, 2008 (M/V Four Earth) sent to Dynacoal in which ICI directed Dynacoal to remit freight payments not to ICI but rather to Weaver attached hereto as Exhibit 3 to the Verified Complaint. See also copies of wire remittances made by ICI to Plaintiff for Vessel hire (M/V Efessos) via Selene and Auster attached as Exhibit 4 to the Verified Complaint. See also copy of ICI July 31, 2008 invoice to the Plaintiff under the FFA contract directing payment to be made to Treselle attached hereto as Exhibit 1.*

27. It is not general practice in the maritime community, nor any where else, for independent companies to make or receive large payments on behalf of other independent companies.

28. Payments sent or received on behalf of another independent company are indicative of a relationship that is not "arms length."

29. Upon information and belief, ICI directs its debtors to makes payments to Weaver, Selene, Auster, Diamant and/or Treselle where ICI's debtors have absolutely no contractual obligation to Weaver, Selene, Auster, Diamant and/or Treselle or vice versa.

30. Upon information and belief, ICI issues invoices to third parties for its services and directs payments to be made to Weaver, Selene, Auster, Diamant and/or Treselle although Weaver, Selene, Auster, Diamant and/or Treselle have no contractual relationship to such third parties.

31. Based on the foregoing, as well as other activities, ICI, Weaver, Selene, Auster, Diamant and Treselle should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets

of Weaver, Selene, Auster, Diamant and/or Treselle susceptible to attachment and/or restraint for the debts of ICI.

32. By virtue of the foregoing, Weaver, Selene, Auster, Diamant and Treselle are properly considered a party to the subject contract as the trade name, alias, alter ego, and/or paying/receiving agent of Defendant, ICI.

33. In the further alternative, all Defendants are partners and/or joint venturers.

34. In the further alternative, all Defendants are affiliated companies such that Weaver, Selene, Auster, Diamant and/or Treselle are now, or will soon be, holding assets belonging to ICI, or vice versa.

35. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants. *See Affidavit of Kevin J. Lennon in Support of Prayer for Ex Parte Order attached as Exhibit 5 to Verified Complaint and Supplement Affidavit of Kevin J. Lennon in Support of Prayer for Amended Ex Parte Order attached hereto as Exhibit 2.*

37. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Supplemental Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.　That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.　That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,199,883.02** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.　That pursuant to 9 U.S.C. §§ 201 et. seq and/or the principles of comity, that this Court recognize and confirm any awards and/or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

D.　That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which has or may be initiated in the future, including any appeals thereof;

E. That in the alternative, this Court enter judgment against Defendants on the claims set forth herein;

F. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: October 30, 2008

The Plaintiff,
PRIMERA MARITIME (HELLAS) LTD.

By: _____
Patrick F. Lennon
Kevin J. Lennon
Nancy R. Siegel

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 – facsimile
pfl@lenmur.com
kjl@lenmur.com
nrs@lenmur.com

## VERIFICATION

I, Paul Coronis, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an officer of the Plaintiff, PRIMERA MARITIME (HELLAS) LTD in which capacity I have served since 2002. I am submitting this Verification at the request of the Court and in support of the Amended Verified Complaint filed in this matter by our New York counsel, Lennon, Murphy, Lennon, at our direction.

2. I have read the Amended Verified Complaint in the above-captioned action and know the contents thereof and believe the same to be true and accurate to the best of my personal knowledge.

3. The grounds for my belief that the allegations are true include my personal involvement in the claims against Defendant, Industrial Carriers Inc. a/k/a ICI and its related companies, a review of our internal file and records related to the contract with Defendant, reports generated by others with personal knowledge of the relevant facts, and business records that were maintained and relate to the commercial dispute discussed in the Amended Verified Complaint.

Executed this 3¹ day of October 2008 at Athens, Greece.

PAUL CORONIS
Director - PRIMERA MARITIME (HELLAS) LTD.

# EXHIBIT 1

1622

# Industrial Carriers Inc.

Registered Office:
P.O. Box 1405, Majuro, Marshall Islands, MH. 96960

## INVOICE

31st of July, 2008

| | |
|---|---|
| Seller | Industrial Carriers Inc., Marshall Islands |
| Buyer | Primera Maritime (Hellas) Ltd, Piraeus |
| | |
| Contract No. | 8.702.6 |
| Contract date | 02.07.2008 |
| | |
| Contract rate | USD 70,000.0000 |
| Settlement rate | USD 70,134.1848 |
| Settlement period | 31 days |
| | |
| Total due to Seller | USD 4,159.73 |

Please remit  USD    4,159.73    to following bank account:

```
HSBC BANK PLC, PIRAEUS BRANCH
93, AKTI MIAOULI STR.
185 36 PIRAEUS, GREECE
IN FAVOR OF TRESELLE NAVIGATION LIMITED
ACC. NO.: 001.086594.036 (USD)
IBAN: GR70 0710 0010 0000 0108 6594 036
      CORR BANK: HSBC BANK USA
      SWIFT: MRMDUS33,
      ACC. 000047791 OF HSBC BANK PIRAEUS GREECE
```

**WITH REFERENCE: 8.702.6 / July 2008**

Best regards
Industrial Carriers Inc.

# EXHIBIT 2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------X
PRIMERA MARITIME (HELLAS) LTD.,                              :   08 CV 8660 (PAC)
                                                             :
                            Plaintiff,                       :
                                                             :
     - against -                                             :
                                                             :
INDUSTRIAL CARRIERS INC. a/k/a ICI                           :
WEAVER INVESTMENTS INC.,                                     :
SELENE SHIPMANAGEMENT SA,                                    :
AUSTER MARINE CO.,                                           :
DIAMANT CO. LTD., and                                        :
TRESELLE NAVIGATION LTD.,                                    :
                                                             :
                            Defendants.                      :
------------------------------------------------------------X

### SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PRAYER FOR AMENDED EX PARTE ORDER OF MARITIME ATTACHMENT AUTHORIZING SUPPLEMENTAL PROCESS OF MARITIME ATTACHMENT

State of Connecticut  )
                      )   ss: Town of Southport
County of Fairfield   )

Kevin J. Lennon, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Supplemental Affidavit in support of Plaintiff's prayer for the issuance of an Amended Ex Parte Order of Maritime Attachment Authorizing Supplemental Process of Maritime Attachment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT TRESELLE NAVIGATION LTD. IS NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the Defendant, TRESELLE NAVIGATION LTD. ("TRESELLE") within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and

yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant TRESELLE.

3. I also checked the New York Department of State – Division of Corporations' online database. No entity in the name of the Defendant TRESELLE was found located on the New York State Department of State database.

4. I submit based on the foregoing that the Defendant TRESELLE cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5. Upon information and belief, the Defendant TRESELLE has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which is believed to be due and owing to the Defendant.

6. This is Plaintiff's second request for this relief made to this Court.

7. All allegations set forth in the Affidavit of Kevin J. Lennon dated October 9, 2008 are reiterated herein by reference.

Dated:     October 30, 2008
           Southport, CT

_____
Kevin J. Lennon

Sworn and subscribed to before me
this 30th day of October 2008.

_____
Notary Public / Commissioner of Superior Court